The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George T. Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Finding of Fact No. 10, Conclusion of Law No. 4, and Award No. 4.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at the times of the alleged injuries.
3. That the employee's average weekly wage at the time of the alleged injuries was $398.55.
4. The City of Winston-Salem is self-insured and is the carrier at risk on this claim.
5. Plaintiff alleges that he injured his back on June 5, 1992 while in the employ of the City of Winston-Salem.
6. Plaintiff continued to work for the City after his alleged injury until December 17, 1992.
7. Plaintiff was born May 14, 1951, and he was forty-one years old on June 5, 1992, the date of the alleged injury.
* * * * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On or about October 24, 1994, then Executive Secretary, Nick P. Davis, entered an order giving defendant until November 15, 1994, to answer or otherwise respond to Plaintiff's Request for Admissions of Fact dated September 23, 1994. Defendant has failed to respond in any manner to said order and its failure is therefore deemed to be an admission of the stated facts that plaintiff reported his injury to City personnel on June 5, 1992 and that plaintiff reported his injury to Wayne Young on June 5, 1992.
2. Plaintiff was employed by the defendant in the sanitation department as a truck driver and sanitation worker.
3. On June 5, 1992, as plaintiff was exiting the sanitation truck that he was driving, he slipped and fell. Plaintiff got back into the truck and continued to work. When he returned to the office he reported the accident to Wayne Young in personnel. After reporting the accident, plaintiff was taken to a doctor's office by Marion Belton, another City employee.
4. Harvey Jackson, a fellow employee, saw plaintiff fall from the truck onto the ground. He asked plaintiff if he was hurt and plaintiff told him no, although he could see in plaintiff's face that he was hurting.
5. Prior to this accident, plaintiff had injured his back, but he had recovered and had been returned to work on light duty.
6. Plaintiff was seen and treated by Dr. Richard P. Rose on June 8, 1992, concerning his injuries of June 5, 1992. Dr. Rose found that plaintiff had sustained a sprain of his back as a result of the accident and he continued plaintiff on light duty for six months.
7. Plaintiff continued to work for defendant in the light duty position, but the pain continued to bother him. Plaintiff returned to see Dr. Rose on December 22, 1992, and reported that he was having recurrent back pain, recurrent right leg pain, tingling, numbness and a lot of difficulty bending and stooping. Dr. Rose saw plaintiff again on December 30, 1992, when he diagnosed plaintiff as having a new disc herniation at L5-S1 on the right and scheduled plaintiff for surgery to correct the problem. Dr. Rose indicated that in his opinion the new disc herniation was a direct result of the June 5, 1992 accident.
8. On January 6, 1993, plaintiff was admitted to Medical Park Hospital and underwent a hemilaminectomy performed by Dr. Rose. After his surgery, plaintiff continued to experience some residual low back pain, but he felt that he was ready to return to work on or about May 14, 1993, at which point Dr. Rose released him to return to work.
9. Plaintiff was out of work as a direct result of the June 5, 1992 accident from December 18, 1992 through May 21, 1993.
10. As a direct result of the injury of June 5, 1992, plaintiff may have sustained a 10% permanent partial disability to his back. However, this rating issue will remain open until the parties can depose Dr. Rose by telephone deposition within thirty (30) days of this Opinion and Award.
* * * * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on June 5, 1992 while in the course and scope of his employment with defendant.
2. Plaintiff's periods of disability were from December 18, 1992 through May 21, 1993, and plaintiff is entitled to compensation for the said period of temporary total disability.
4. The issue of what amount of permanent partial disability, if any, was sustained by the plaintiff will remain open until the parties can depose Dr. Rose by telephone deposition within thirty (30) days of this Opinion and Award.
5. As a result of his injury by accident, plaintiff is entitled to the payment of all related medical expenses he incurred.
6. Plaintiff's average weekly wage of $398.55 yields a weekly compensation rate of $265.71.
* * * * * * * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $265.71 per week for the period from December 18, 1992 through May 21, 1993. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel.
4. Defendants shall pay the costs of this action.
* * * * * * * * * * *
ORDER
IT IS HEREBY ORDERED that the parties are allowed 30 days to depose Dr. Rose and to submit his deposition transcript to the undersigned as evidence by stipulation. The parties may resolve the permanent partial disability issue on a Form 26, if they desire.
FOR THE FULL COMMISSION
 S/ ___________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/mj 11/14/96